IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AFRICAN-AMERICAN CULTURAL
ASSOCIATION, INC., a New Mexico non-
Profit corporation, LOVIE McGEE,
LENNIE CARDWELL, CURLEY
SHEFFIELD-HALL, TAMRA DORSEY,
DORIS FOSTER, AMY McGEE, JaRON
McGEE, JOHN McGEE, SYLVIA ORTIZ,
VAN SANDERS, RAYMOND SMITH,
LEON WARD, and LYNNETTE WILLIAMS,
and all similarly situated individuals,

    Plaintiffs,

v.                                             No. CIV 99-1421 BB/WWD

DAVIDSON HOTEL COMPANY and
JOHN DOE(S) 1-4,

    Defendants.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 24) filed July 12, 2000. The Court has reviewed the parties' submissions and the relevant authorities and finds that Defendants' motion should be GRANTED IN PART and DENIED IN PART.



# I.
# BACKGROUND

Plaintiffs African-American Cultural Association ("AACA") and board members of that association bring this civil rights action pursuant to 42 U.S.C. §§ 1981 and 1985(3).[1] Plaintiffs claim that Defendants intentionally discriminated against them on the basis of race by canceling Plaintiffs' New Year's Eve reservation at a local Radisson hotel.[2] Plaintiffs also bring pendent claims against Defendants for breach of contract and breach of the covenant of good faith and fair dealing. Defendants have moved for dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff AACA is a non-profit corporation dedicated to the promotion of minority learning and African-American awareness. The AACA hosts an annual New Year's Eve benefit party to raise funds for its multiple charitable activities. Plaintiffs allege that in early 1999, Plaintiff Lovie McGee, the President of AACA, went to Defendants' Radisson hotel to inquire into booking the Grand Ballroom for the New Year's Eve benefit and was told it was already reserved for the hotel's private party. Subsequently, a catering manager at a separate hotel called the Radisson on behalf of the AACA and was told by the Radisson's catering manager, Sandra

---

[1] Plaintiffs bring this claim in the form of a class action on behalf of "all African American individuals and those who would associate with them (whether African American or not)" who were denied the right to contract with Defendants on the date in question. Second Am. Compl. ¶ 8. The Court is not persuaded that class certification is appropriate in this case, and has issued an Order in conjunction with this Memorandum requesting that the parties brief this issue.

[2] Plaintiffs originally brought this action against current Defendants and Defendant Carlisle Boulevard Hotel Associates, L.L.C. ("Carlisle"). Subsequent to the filing of this action, Plaintiffs and Defendants have jointly stipulated to the Carlisle's dismissal. See Stipulated Dismissal of Carlisle Boulevard Hotel Associates, Inc. (Doc. 21), filed June 30, 2000.

Knudsen, that the Radisson was in fact not booked for New Year's Eve.

The parties agree that on March 19, 1999 Plaintiffs McGee and Lennie Cardwell met with Ms. Knudsen and agreed to book the Radisson Grand Ballroom and 34 sleeping rooms for December 31, 1999. Plaintiffs made a $200 deposit to Ms. Knudson, and made other preparations for the fundraiser such as hiring a disk jockey and sending out flyers announcing the event. Plaintiffs allege that they repeatedly asked Ms. Knudsen to confirm that the ballroom was available, and that Ms. Knudsen assured them that it was available and there was no mistake. However, sometime in May, Plaintiff McGee was called by Ms. Knudson who told her, "I apologize for having to do this but I have to cancel your reservation for the New Year's Eve party."

Plaintiffs contend that no reason for the cancellation was given other than the fact that Ms. Knudson's boss, the general manager of the hotel, had instructed her to call Plaintiff McGee and cancel the AACA's reservation. Approximately three days after the cancellation, Plaintiff McGee called Ms. Knudson again to inquire why the reservation was canceled; Ms.Knudson again stated that she could not or would not give Plaintiff a reason for the cancellation.

Plaintiffs filed this lawsuit in April of 2000, asserting civil rights claims under 42 U.S.C. §§ 1981 and 1985(3). Plaintiffs also assert claims for breach of contract and breach of the covenant of good faith and fair dealing. Defendants argue in their motion to dismiss that Plaintiffs have failed to adequately plead their civil rights claims. Defendants also contend that Plaintiffs cannot maintain a cause of action for breach of the covenant of good faith and fair dealing separate from their claim for breach of contract. Defendants have not challenged Plaintiffs' breach of contract claim.

## II.
## DISCUSSION

**A.   Standard of Review Under 12(b)(6)**

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court should accept all well-pleaded allegations in the complaint as true and construe them in the light most favorable to the non-moving party. GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court's function on a Rule 12(b)(6) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief might be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991).

**B.   Section 1981 Discrimination Claim**

42 U.S.C. § 1981 prohibits racial discrimination in "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a) and (b). To make a claim under section 1981, Plaintiffs must show that Defendants intentionally or purposefully discriminated against them. General Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982); Reynolds v. School Dist. No. 1, Denver, Colorado, 6 F.3d 1523, 1532 (10th Cir. 1995). Defendants contend that Plaintiffs fail to plead the requisite intent on the part of any Defendant to deprive Plaintiffs of their civil rights.

In order to survive a motion to dismiss on a section 1981 claim, Plaintiffs must at a

minimum allege facts that suggest an intentional deprivation of rights. See Patterson v. McLean Credit Union, 491 U.S. 164, 186-87, 109 S. Ct. 2363, 2377-78 (1989); Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d 1303, 1313 (9th Cir. 1992) ("While the federal rules require only that plaintiffs aver intent generally, Fed. R. Civ. P. 9(b), under section 1981 they must at least allege facts that would support an inference that defendants intentionally and purposefully discriminated against them."). The Plaintiffs are not required to show direct evidence of discrimination. A plaintiff bringing a section 1981 claim "may prove intentional discrimination through either direct evidence of discrimination (e.g., oral or written statements on the part of a defendant showing a discriminatory motivation) or indirect (i.e., circumstantial) evidence of discrimination." Kendrick v. Penske Transportation Services, Inc., 220 F.3d. 1220, 1225 (10th Cir. 2000); see also Shorter v. ICG Holdings, Inc., 188 F.3d 1204, 1207 (10th Cir. 1999).

It is not necessary, as Defendants suggest in their reply brief, that Plaintiffs allege evidence of statements that document Defendants' discriminatory motivation. Plaintiffs allege in paragraph 26 of their Second Amended Complaint that "the rental of the Grand Ballroom and hotel rooms *were denied to the individually named Plaintiffs because of their race* and to the AACA because it is an organization composed primarily of African American individuals which promotes African Americans" (emphasis added). This allegation suggests that Defendants acted with a discriminatory purpose and is sufficient to meet the intent requirement in the pleadings.

Defendants also argue that Plaintiffs' allegations are insufficient to show that Defendants intentionally and purposefully discriminated against Plaintiffs by canceling the AACA's hotel reservation. Plaintiffs have alleged that they made a reservation and deposit for the Radisson's Grand Ballroom and 34 hotel rooms through the hotel's catering manager, Ms. Knudson; that

-5-

they checked several times to make sure the hotel was in fact available on New Year's Eve, and were assured that it was; and that their reservation was canceled per the orders of the hotel's General Manager, who refused to give an explanation for his actions. Plaintiffs also allege that Defendants informed white individuals that the hotel ballroom was, in fact, available on New Year's Eve. These allegations, which the Court accepts as true for purposes of the 12(b)(6) motion, are enough to give rise to the inference that Defendants intentionally canceled Plaintiffs' reservation because Plaintiffs are African-American. Plaintiffs are entitled to discovery to substantiate their allegations.

Defendants' motion to dismiss Plaintiffs' section 1981 claim is therefore denied.

## C. Section 1985(3) Conspiracy Claim

The provisions of 42 U.S.C. § 1985(3) provide for recovery of damages by a party who is injured as a result of a conspiracy to deprive any person of equal protection of the laws or of equal privileges and immunities under the laws. The essential elements of a section 1985(3) claim are: 1) a conspiracy; 2) to deprive plaintiff of equal protection or equal privileges and immunities; 3) an act in furtherance of the conspiracy committed or caused to be committed by the conspirator; and 4) an injury or deprivation resulting therefrom. Griffin v. Breckenridge, 403 U.S. 88, 102-103 (1971); Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993). Defendants contend that Plaintiffs have not alleged the requisite "meeting of the minds" among the defendants to establish a conspiracy, and in the alternative, that Plaintiffs' claim is barred by the intracorporate conspiracy doctrine.

### 1. Adequacy of Pleadings

The portion of Plaintiffs' section 1985(3) claim at issue here is the fundamental existence

of a conspiracy.[3] Defendants argue that Plaintiffs' allegations are conclusory because the AACA has failed to plead specific facts that establish a "meeting of the minds" or agreement among the defendants to deprive the AACA and its members of their civil rights.

A conspiracy requires a combination of two or more persons acting in concert. Brever v. Rockwell Int'l Corp., 40 F.3d 1119, 1126 (10th Cir. 1994). In order to adequately plead a conspiracy, a plaintiff must allege, "either by direct or circumstantial evidence, a meeting of the minds or agreement among the defendants." Id. (quoting Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir. 1990)). Bearing in mind the low bar Plaintiffs must clear to survive a motion to dismiss, the alleged facts need only "give rise to the inference that Defendants conspired." Brever at 1127. As the Tenth Circuit recognized in Brever:

> While more than mere conclusory allegations are required to state a valid claim, "the nature of conspiracies often makes it impossible to provide details at the pleading stage and ... the pleader should be allowed to resort to the discovery process and not be subject to dismissal of his complaint."

Id. at 1126 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1233, at 257 (2d ed. 1990)).

Plaintiffs allege in support of their section 1985(3) claim that "two or more of the Defendants conspired and/or went onto the premises of the Defendant Radisson Hotel and Conference Center Albuquerque for the purpose of depriving, either directly or indirectly, Plaintiffs and the class they represent of the equal protection of the laws...." The Court agrees

---

[3]Defendants also argue that Plaintiffs have failed to establish the second element of a 1985(3) claim, a deprivation of their civil rights. The Court addressed this issue in the context of Plaintiffs' section 1981 claim: Plaintiffs have alleged sufficient facts to support an inference that Defendants intentionally discriminated against them based on race.

that this allegation, by itself, is conclusory and fails to state a claim for conspiracy. However, this claim must be examined in conjunction with Plaintiffs' other factual allegations. Plaintiffs allege that the AACA made a reservation for the Radisson's grand ballroom and several rooms through the catering director, Ms. Knudson. Plaintiffs McGee and Cardwell confirmed several times with Ms. Knudson that the ballroom was in fact available. Ms. Knudson called Ms. McGee approximately two months later and informed her that the reservation was canceled, per the orders of the hotel's General Manager. Although Plaintiff McGee requested an explanation for the cancellation on at least two separate occasions, Ms. Knudson told her that she could not or would not give her an explanation.

A reasonable person could infer from these allegations that the General Manager of the Radisson conferred with Ms. Knudson or one or more of the other Defendants regarding the AACA's hotel reservation, and that the decision was made in concert by these Defendants to cancel the reservation. See Pisello v. Town of Brookhaven, 933 F. Supp. 202 (E.D.N.Y. 1996). Such a conversation, if it in fact took place, would satisfy the "meeting of the minds" necessary to establish a conspiracy. The AACA has not alleged with whom the General Manager conspired or any details regarding that conversation. However, the identity of several of the Defendants has only recently been provided to Plaintiffs, and Plaintiffs have little way of knowing before discovery the precise circumstances that led to the cancellation of their reservation. As stated by the Tenth Circuit, the nature of a conspiracy makes these details difficult to provide at the pleading stage. Brever, 40 F.3d at 1126. The Court will allow Plaintiffs the opportunity to support their conspiracy claim through discovery.

2. **Intracorporate Conspiracy Doctrine**

Defendants argue in their Reply Brief (Doc. 27) that because only Davidson and Davidson employees remain as defendants, the intracorporate conspiracy doctrine bars Plaintiffs' section 1985(3) claim. Under the doctrine, a corporation cannot conspire with its own agents when those agents are acting in the context of their employment. See Nelson Radio & Supply Co. v. Motorola, Inc., 200 F.2d 911, 914 (5th Cir. 1952).

The Tenth Circuit has rejected the intracorporate conspiracy doctrine in the civil rights context.[4] The court held in Brever, supra, that the doctrine "should not be construed to permit the same corporation and its employees to engage in civil rights violations." 40 F.3d at 1127. In discrimination situations, "the action by an incorporated collection of individuals creates the

---

[4]The circuit courts are heavily divided on this issue. The majority of the circuits has extended the intracorporate conspiracy doctrine to civil rights actions under section 1985(3). See Dickerson v. Alachua County Commission, 200 F.3d 761, 768-770 (11th Cir. 2000), cert. dismissed, -- S.Ct. --, 2000 WL 462656 (Jul 03, 2000), reh'g denied, -- F.3d -- (11th Cir. Jul 31, 2000); Hartman v. Board of Trustees, 4 F.3d 465, 469-70 (7th Cir. 1993); Hull v. Cuyahoga Valley Joint Vocational School Dist. Bd. of Educ., 926 F.2d 505, 509 (6th Cir. 1991), cert. denied, 501 U.S. 1261 (1991); Buschi v. Kirven, 775 F.2d 1240, 1252 (4th Cir. 1985); Cross v. General Motors Corp., 721 F.2d 1152, 1156 (8th Cir. 1983), cert. denied, 466 U.S. 980 (1984); Herrmann v. Moore, 576 F.2d 453, 459 (2d. Cir. 1978); cert. denied, 439 U.S. 1003 (1978). Other circuits have adopted a middle ground, finding exceptions to the intracorporate conspiracy doctrine when, for example, it can be shown that an employee had a "personal stake" in the conspiracy. See Benningfield v. City of Houston, 157 F.3d 369, 378-79 (5th Cir. 1998), cert. denied, 526 U.S. 1065 (1999); Stathos v. Bowden, 728 F.2d 15, 20-21 (1st Cir. 1984); Rice v. President and Fellows of Harvard College, 663 F.2d 336, 338 (1st Cir. 1981). The Third Circuit has held that, while officers and directors of a corporation may conspire with each other for purposes of section 1985(3), a corporation may not conspire with itself. See Robinson v. Canterbury Village, Inc., 848 F.2d 424, 430-31 (3d Cir. 1988); Novotny v. Great Am. Fed. Sav. & Loan, 584 F.3d 1235, 1256-59 (3d Cir. 1978), vacated on other grounds, 442 U.S. 366 (1979) (Supreme Court withheld decision on the application of the intracorporate conspiracy doctrine to section 1985(3)). The Ninth Circuit has reserved the issue for later decision. See Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1181 (9th Cir. 1998). Only the 10th Circuit has entirely rejected the doctrine as it applies to civil rights actions. See Brever, 40 F.3d at 1127.

'group danger' at which conspiracy liability is aimed, and the view of the corporation as a single legal actor becomes a fiction without a purpose." Id. (quoting Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 603 (5th Cir. 1981)). Under the law of this circuit a meeting of the minds between a corporation and its employees may constitute a conspiracy under section 1985(3).

Defendants' motion to dismiss Plaintiffs' section 1985(3) claim is denied.

### D.  Claim for Breach of the Covenant of Good Faith and Fair Dealing

In addition to their civil rights claims, Plaintiffs bring pendent state law claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Defendants have moved to dismiss Plaintiffs' claim for breach of the covenant of good faith and fair dealing on the grounds that, under New Mexico law, the proper remedy for a breach of the covenant is on the contract itself: breach of the covenant does not give rise to a separate cause of action.

The parties agree that in New Mexico, every contract requires a duty of good faith and fair dealing. Gilmore v. Duderstadt, 125 N.M. 330, 337, 961 P.2d 175, 182 (N.M. Ct. App. 1998). The issue at hand is whether the proper cause of action for a breach of the covenant of good faith is breach of contract, or whether breach of the covenant may be separately pled as a cause of action in tort. Defendants are correct in their argument that the standard remedy for breach of the covenant is on the contract itself. See Bourgeous v. Horizon Healthcare Corp., 117 N.M. 434, 439, 872 P.2d 852, 857 (N.M. 1994). The largest exception to this rule is in the insurance context: most courts permit a plaintiff to sue in tort for breach of the covenant in insurance actions based on the nature of the "special relationship" between the parties. See id. "The relationship of insurer and insured is inherently unbalanced; the adhesive nature of insurance contracts places the insurer in a superior bargaining position." Id. (quoting Egan v.

-10-

Mutual of Omaha Ins. Co., 620 P.2d 141, 146, 24 Cal. 3d 809, 820 (Cal. 1979)). Several courts have also recognized a tort remedy in the context of employment contracts, based on the same "special relationship" reasoning. The current trend, however, is to deny plaintiffs a tort remedy in these cases. See Foley v. Interactive Data Corp., 765 P.2d 373, 47 Cal. 3d 564 (Cal. 1988). Indeed, the New Mexico Supreme Court has held that tort remedies are not available for breach of the covenant in the employment context. Bourgeous, 117 N.M. at 439, 872 P.2d at 857.

None of the special circumstances applicable in the insurance and employment context are present in this case. Therefore, the standard remedy for breach of the covenant of good faith and fair dealing applies. If Plaintiffs prove a breach of the covenant they would be entitled "to recover on the contract, including all damages naturally flowing from the breach." Gilmore, 125 N.M. at 337, 961 P.2d at 182. They would not be able to recover in tort.

The Court will grant Defendants' motion to dismiss Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing. Plaintiffs are, however, entitled to argue breach of the covenant as a theory of recovery under their claim for breach of contract.

## III.
## CONCLUSION

For the reasons set forth above, the Court hereby DENIES Defendants' motion to dismiss Plaintiffs' claim under 42 U.S.C. § 1981; DENIES the motion to dismiss Plaintiffs' claim under 42 U.S.C. § 1985(3); and GRANTS the motion to dismiss Plaintiffs' claim for breach of the covenant of good faith and fair dealing.

IT IS SO ORDERED.

Dated at Albuquerque this 24th day of October, 2000.

                                                  BRUCE D. BLACK
                                                  United States District Judge